**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 98-4448

KENNETH RILEY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CR-96-995)

Submitted: January 12, 1999

Decided: February 10, 1999

Before ERVIN and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

C. Rauch Wise, Greenwood, South Carolina, for Appellant. J. Rene
Josey, United States Attorney, Jane B. Taylor, Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Kenneth Riley appeals his conviction of attempting to possess with intent to distribute methamphetamine, 21 U.S.C.§ 841(a)(1) (1994), possessing with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1), and using the United Parcel Service (UPS) to facilitate the possession with intent to distribute methamphetamine, 21 U.S.C. § 843 (1994). In this appeal, Riley attacks the admission of methamphetamine at trial on the ground that the government did not establish a proper chain of custody of the drugs. We affirm.

An employee of UPS called Drug Enforcement Administration (DEA) Agent Mark Meyer on November 26, 1996, to tell him that an employee of UPS had opened a package addressed to Sumter, South Carolina, that appeared to contain a controlled substance. Meyer went to the UPS facility and field-tested the substance, which tested positive for methamphetamine. Meyer took custody of the package, contacted officers in Sumter, and told them about the package. He sealed the package in a larger box and shipped it via UPS to Lt. Rick Nelson in Sumter. Meyer maintained exclusive custody of the package until he delivered it for shipment.

Nelson opened the package, removed most of the methamphetamine, placed it in a plastic bag, and kept it in his exclusive custody until he turned it over to DEA Agent Benjamin Barfield. Nelson left a smaller amount of the drug in the package, which he resealed. He turned the package over to undercover agent Reed Davis, who was disguised as an employee of UPS. Davis attempted to deliver the package to the address in Sumter; however, because no one was at home, Davis returned the package to Nelson, who maintained custody of it until the following week.

Nelson again gave the package to Davis, who delivered the package to Riley at the Sumter address. Riley was arrested shortly after he accepted delivery. Nelson seized the package after the arrest and kept it in his custody until he turned it over to Agent Barfield. Barfield sealed both bags and shipped them for analysis to the DEA laboratory in Miami. A DEA forensic chemist, Ethon Jolly, received and opened

the sealed containers, then analyzed the drugs and resealed their containers.

The drugs were returned to Agent Barfield, and they were introduced as Exhibits 6 and 7 at Riley's trial. Meyer, Nelson, and Barfield testified that the drugs that were introduced were in substantially the same condition as when they had custody of them. Jolly testified that because the seals he placed on the packages were not broken, Exhibits 6 and 7 had not been opened since he resealed them.

Riley argues that the government did not establish a proper chain of custody of the drugs. First, Riley contends that the government's proof failed because there was no evidence that the contents of the package were not tampered with from the moment some unknown person delivered the package to Mail Boxes, Etc. for shipment to South Carolina via UPS. Riley maintains that the government also failed to show that the contents were not tampered with after the package was opened at the UPS facility and before Meyer took custody of the package. We review the district court's determination that a proper chain of custody was established for an abuse of discretion. See United States v. Ricco, 52 F.3d 58, 61 (4th Cir. 1995).

"[A] party introducing evidence [must] demonstrate that the evidence is in fact what its proponent claims." United States v. Turpin, 65 F.3d 1207, 1213 (4th Cir. 1995). Under the "chain of custody" rule, a prosecutor "must establish a chain of custody from the time the items were taken to show that they are in `substantially the same condition as when they were seized.'" Id. (quoting United States v. Harrington, 923 F.2d 1371, 1374 (9th Cir. 1991)). Here, the testimony of Meyer, Barfield, Nelson, and Jolly showed that the methamphetamine remained in substantially the same form as when Meyer initially took control of it in California. Under the case law, events prior to Meyer's seizing the substance are irrelevant to the chain of custody issue.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3